51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Donald K. ALEXANDER, Appellant,
v.
David P. MACOUBRIE; Gerre S. Langton; Evans & Dixon Law
Partnership; John L. Oliver, Jr.; Lori J.
Levine; Timothy J. Heinsz; James R.
Devine, Appellees.
 No. 94-2566EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 14, 1995.
Filed: Apr. 5, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this 42 U.S.C. Sec. 1983 action, Donald K. Alexander claims two faculty members at the University of Missouri law school, the Evans & Dixon Law Partnership, and members of the Missouri Board of Law Examiners conspired to deprive Alexander of counsel in an earlier lawsuit. The district court dismissed Alexander's complaint as frivolous under 28 U.S.C. Sec. 1915(d), and we reversed and remanded. Alexander v. Macoubrie, 982 F.2d 307, 308 (8th Cir. 1992) (per curiam). After remand, the district court denied Alexander's motions for appointment of counsel and a continuance. In the same order, the district court dismissed Alexander's claims against the law school faculty members for failure to state a claim, and granted summary judgment in favor of Evans & Dixon and the Board members. We affirm.
 
 
 2
 For reversal, Alexander first argues the district court should not have dismissed and granted summary judgment on his claims at the same time the district court denied Alexander's motions, because Alexander planned to conduct discovery and file more responsive pleadings after a ruling on his motions. Having carefully reviewed the record, we conclude this argument is meritless. Alexander, a law school graduate who represented himself in an earlier lawsuit, had ample opportunity to conduct discovery and file pleadings before the district court disposed of his claims. Alexander next contends our earlier reversal of the district court's 28 U.S.C. Sec. 1915(d) dismissal precluded the district court's dismissal for failure to state a claim. This argument is also meritless. See Neitzke v. Williams, 490 U.S. 319, 326-29 (1989). Finally, Alexander argues summary judgment was improper because he presented sufficient facts to show the conspiracy against him. We disagree. Once Evans & Dixon and the Board members presented evidence to refute Alexander's conspiracy claims, Alexander was required to "set forth specific facts showing that there [was] a genuine issue for trial." Fed. R. Civ. P. 56(e). Alexander failed to meet this burden, and the district court properly entered summary judgment.
 
 
 3
 Accordingly, we affirm.